## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas McClendon, | Case No. 22-cv-3006 (KMM/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America; US Marshall; Joel Broth; Sherburne County; and Brian Frank, | |
| Respondents. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon the routine supervision of the matters that pend before the undersigned.

In a letter dated December 2, 2022, the Clerk of Court informed Petitioner Douglas McClendon that he would be required to either pay the filing fee for this matter or apply for in forma pauperis status within fifteen (15) days, failing which this matter could be dismissed without prejudice for failure to prosecute. (See Letter [Docket No. 2]). That deadline has now passed, and Petitioner has not yet paid the filing fee or applied for IFP status. In fact, Petitioner has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, in accordance with the warning already provided to Petitioner, that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. See Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

This Court notes that even if Petitioner had elected to prosecute this matter, dismissal would almost certainly have been recommended. Petitioner is a federal presentence detainee seeking to challenge the validity of his recent guilty plea. Such a challenge is not properly raised through a petition for a writ of habeas corpus. If Petitioner believes that there are grounds upon which to withdraw his guilty plea, he may raise that argument in the underlying criminal proceedings. If dissatisfied with the adjudication of that argument, Petitioner may present the argument on direct appeal or through a motion under 28 U.S.C. § 2255. Federal habeas review, however, is generally unavailable for such claims attacking the validity of ongoing federal criminal proceedings or the decisions made in those proceedings. See Graham v. U.S. Marshal, No. 20-cv-1204 (WMW/LIB), 2020 WL 4060731, at *2 (D. Minn. June 29, 2020), report and recommendation adopted, 2020 WL 4059889 (D. Minn. July 20, 2020), aff'd, No. 20-2586, 2020 WL 8299597 (8th Cir. Dec. 14, 2020).

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice**.

Dated: January 3, 2023                                s/Leo I. Brisbois
                                                      Hon. Leo I. Brisbois
                                                      United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).